333 N.W.2d 915 (1983)
214 Neb. 404
Louis WEINER, Appellant,
v.
STATE ex rel. STATE REAL ESTATE COMMISSION, Appellee.
No. 82-252.
Supreme Court of Nebraska.
May 20, 1983.
*916 James T. Gleason of Swarr, May, Smith, Andersen & Jensen, Omaha, for appellant.
Robert H. Petersen, Sp. Asst. Atty. Gen., Omaha, for appellee.
McCOWN, HASTINGS, and SHANAHAN, JJ., BRODKEY, J., Retired, and COLWELL, District Judge, Retired.
HASTINGS, Justice.
This is an appeal of a judgment of the District Court which affirmed an order of the Nebraska State Real Estate Commission. That order found that the plaintiff, Louis Weiner, had violated Neb.Rev.Stat. § 81-885.24(23) (Reissue 1981), and directed that Weiner's license as a real estate broker be suspended for a period of 1 year beginning November 5, 1981. The last 9 months of the suspension was stayed, during which period he was to be placed on probation.
Assigned as errors are the claims that the statute involved is not applicable to this factual situation and that the decision is arbitrary, capricious, unreasonable, and not supported by substantial evidence.
During the year 1980 the plaintiff was a real estate salesperson, licensed by the State of Nebraska, and was employed in Omaha, Nebraska, by Sed Hartman Associates, a licensed real estate broker. The arrangement between the two was that if Weiner handled a deal all by himself he was to receive 100 percent of the commission earned, but if he and Hartman handled the deal together the commission was to be split. Hartman maintained offices on the third floor of the 7801 Building on Pacific Street, and although that was the office out of which Weiner was licensed to work, he maintained an office on 36th and Dodge Streets. Working for Mr. Weiner was a secretary by the name of June Brandon who was not an employee of Hartman's.
The pertinent portion of § 81-885.24 with which we are here concerned is as follows: "The commission may ... suspend any license ... whenever ... the licensee... has been found guilty of any of the following unfair trade practices:
....
"(23) Failing by [a] ... salesperson to place, as soon after receipt as practicable, in *917 the custody of his or her employing broker any deposit money or other money or funds entrusted to him or her by any person dealing with him or her as the representative of his or her licensed broker...."
The standard of review to be employed by both the District Court and this court is whether the order of the commission was supported by competent, material, and substantial evidence and whether the order is arbitrary or capricious. Neb.Rev. Stat. § 84-917(6) (Reissue 1981). "`[S]ubstantial evidence,' for purposes of administrative review, must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury, and this is something less than the weight of evidence; and the possibility of drawing two inconsistent conclusions from evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Wright v. State ex rel. State Real Estate Comm., 208 Neb. 467, 477, 304 N.W.2d 39, 44 (1981).
There was evidence in the record from which the commission could have found that sometime in the fall of 1979 Hartman and Weiner together solicited a real estate listing from the owner of the Music Box; that a sale of the property was made to the telephone company on September 5, 1980, on which date the transaction was closed and a check in the amount of $34,500, payable to Louis Weiner Real Estate for realtor's commission, was delivered to Weiner; that Hartman requested that the check be turned over to him, which was refused by Weiner, who instead, along with Hartman, went to the Security National Bank where $5,000 of the total commission was deposited to Hartman's account; that further discussion was had between the two as to a split of the commission; and that sometime on or after October 15, 1980, Weiner paid Hartman an additional $4,500 as a share of the commission on the Music Box deal. These facts formed the basis of one of the complaints.
As to the other complaint, there was evidence in the record from which it could be concluded that for the first time in January of 1981, when he received an Internal Revenue form 1099, Hartman discovered that Century 21 Wear Co. had paid him $896; that this was for a commission on a property that Weiner had sold; that the money had been paid by means of a personal check made payable to Sed Hartman Real Estate on April 22, 1980, which had been endorsed by handwriting by "JB" and stamp endorsed for deposit to the account of Louis Weiner; and that the endorsements had in fact been placed on the check by Weiner's employee, June Brandon, without any authorization by Hartman, but that Weiner was in fact entitled to all of that commission, and Hartman made no claim to any of the $896.
Although there was some evidence to the contrary, the foregoing conclusions are supported in the record by substantial evidence.
The plaintiff's first assignment of error involves strictly a question of law. He insists that the language of the statute in question is ambiguous and that we must construe the same. Whether words of a statute are ambiguous is a question of law for the court. Hill v. City of Lincoln, 213 Neb. 517, 330 N.W.2d 471 (1983). He points to the language of the statute, "to place... in the custody of his ... employing broker any deposit money or other money or funds entrusted to him ... as the representative of ... licensed broker," and then to rule No. 6 of the Nebraska State Real Estate Commission, which declares that the "Commission will not enter into disputes between licensees over payment or division of commissions," and concludes that "other money or funds," as stated in the statute, applies only to balances of purchase prices paid on closing, or escrow funds which are the property of the broker's principal.
We do not believe that "to place... in the custody of his ... employing broker" and "other money or funds entrusted to him ... as the representative of his... licensed broker" are restricted in their meaning, as urged by the plaintiff. A statute *918 is not open to construction as a matter of course, and, in the absence of anything to indicate the contrary, words must be given their ordinary meaning. It is not within our province to read a meaning into a statute that is not there, nor to read anything direct and plain out of a statute. County of Douglas v. Board of Regents, 210 Neb. 573, 316 N.W.2d 62 (1982). Refusing to enter a dispute over a division of fees, but requiring that the salesperson turn over all money or funds, including fees, until that dispute is resolved, are two different things. We believe that the statute is not ambiguous and is applicable to the situation here.
Having declared that, it is apparent from our discussion of the record that there was substantial evidence to support the findings of the commission. Furthermore, technical though the one violation might have been, the commission acted within the scope of its authority, and its action was neither arbitrary, capricious, nor unreasonable, and forms no basis for substituting our judgment for that of the commission. Accordingly, we feel compelled to affirm its findings.
The judgment of the District Court is affirmed.
AFFIRMED.