REQUESTED BY: Senator Mike Avery Nebraska State Legislature
In your opinion request letter, you indicate that there is some concern in your district about a proposed four million dollar addition/renovation to a courthouse, evidently for Sarpy County. You state that county officials do not believe that this renovation project need be presented to the voters of the county for approval, so long as the bond levy for the project is spread out over several years so that no more than one million dollars is levied by the county for the project in any one year. This position is apparently based upon certain language in Neb.Rev. Stat. § 23-120 (Supp. 1995). Since you have now prepared legislation directly related to this matter, you have posed several questions to us concerning the situation and your proposed bill. You first ask whether the course of action contemplated by the county where the four million dollar levy for the renovation project is spread over four years without a vote of the people is "appropriate under Neb. Rev. Stat. 23-120 or any other relevant statutes."
Section 23-120 is the only statute which we have found which pertains specifically to requirements for a vote of the people in connection with the issuance of bonds for the construction/renovation of a courthouse by a county. That statute provides, in pertinent part:
 (1) The county board shall acquire, purchase, construct, renovate, remodel, furnish, equip, add to, improve, or provide a suitable courthouse, jail, and other county buildings and a site or sites therefor and for such purposes borrow money and issue the bonds of the county to pay for the same. * * *
 (2) No levy exceeding . . . (b) one million dollars in counties having in excess of one hundred thousand inhabitants and not in excess of two hundred fifty thousand inhabitants, . . . shall be made within a one-year period for any of the purposes specified in subsection (1) of this section without first submitting the proposition to a vote of the people of the county at a general election or a special election ordered by the board for that purpose and obtaining the approval of a majority of the legal voters thereon.
(Emphasis added).
Statutes are not open to construction as a matter of course, and in the absence of any contrary indication, statutory language is generally to be given its plain and ordinary meaning.Weiner v. State ex rel. State Real Estate Commission,214 Neb. 404, 333 N.W.2d 915 (1983). In keeping with that premise, when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. Rosse v. Rosse, 244 Neb. 967,510 N.W.2d 73 (1994). It seems to us that the language in § 23-120 highlighted above is plain, direct and unambiguous. It allows counties of the size at issue in this instance to levy up to one million dollars in any one year for the payment of bonds issued in connection with the construction/renovation of a courthouse without a vote of the people. Consequently, we believe that, under § 23-120(2), the county referenced in your opinion request letter could construct a renovation project costing four million dollars without a vote of the people, so long as the county's tax levy for payment of costs connected with that project did not exceed one million dollars in any one year period.
Subsequent to your initial opinion request, you sent us a second letter in which you posed additional questions concerning the project and tax levy at issue. You enclosed a copy of LB 1377 with that correspondence, and informed us that you have submitted that bill for debate this legislative session. LB 1377 would add the following language at the end of Subsection (1) of § 23-120:
 Any project which has an estimated cost that exceeds the levy limit prescribed in subsection (2) of this section shall first be approved by a majority of the registered voters of the county at a general election or at a special election called by the county board for such purpose.
You ask, "[d]oes this new wording force the counties to bring such projects [with a total cost above the levy limits in §23-120] to a vote of the people?"
We believe that the language which you have proposed for § 23-120 in LB 1377 is generally consistent with your apparent intent to require a vote of the people in instances where the total cost of a construction/renovation project for a county courthouse exceeds the appropriate levy limits set out in § 23-120(2). In that regard, we suggest that you take steps, both in the committee process and in the floor debate on LB 1377, to clearly state your intent in introducing the bill and your intent as to how its provisions should be applied. Those steps with respect to the creation of legislative history will further strengthen your purpose to "force the counties" to submit certain construction/renovation projects to "a vote of the people."
Finally, you ask, "how does the fact that a county has any general fund bond indebtedness (in any amount) impact the situation?"
There are several provisions of Nebraska constitutional and statutory law which limit the amount of the tax levy which may be imposed by a county. For example, Art. VIII, § 5 of the Nebraska Constitution generally provides that counties may not assess taxes which exceed, in the aggregate, fifty cents per one hundred dollars of taxable value as determined by the county assessment roles, without a vote of the people of the county.Neb. Rev. Stat. § 23-119 (Cum. Supp. 1994) also generally tracks that constitutional prohibition. In addition, Subsection (3)(c) of § 23-120, the statutory provision which is the focus of your opinion request, provides that:
 In no case shall the levy of taxes made by the county board for all purposes, including the taxes levied pursuant to this section, exceed in any one year the sum of fifty cents on every one hundred dollars of the taxable value of all the taxable property of the county.
It seems to us that if a particular county has a general fund bond indebtedness that requires a certain county tax levy each year for debt service, that tax levy would have to be considered along with any new levy under § 23-120 in determining whether the particular county had reached its constitutional and statutory levy limit. If, in fact, the new levy under § 23-120 resulted in a total aggregate county levy in excess of the statutory and constitutional levy limits, a vote of the people for permission to exceed those limits might well be separately required even if a vote of the people was not necessary under the applicable portion § 23-120.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature
Approved by:
Don Stenberg
Attorney General