REQUESTED BY: Senator M. L. Dierks
You have asked whether the scope of practice of a veterinarian licensed to practice veterinary medicine and surgery in this state includes the transfer of a live embryo from the uterus of one animal to the uterus of another. For the reasons discussed below, we believe the answer to that question is "yes."
The practice of veterinary medicine and surgery is defined at Neb. Rev. Stat. § 71-1,154(3) (Cum. Supp. 1996) to include the following actions:
 (a) To diagnose, treat, correct, change, relieve, or prevent animal disease, deformity, defect, injury, or other physical or mental conditions, including the prescription or administration of any drug, medicine, biologic, apparatus, application, anesthetic, or other therapeutic or diagnostic substance or technique, and the use of any manual or mechanical procedure for testing for pregnancy, or for correcting sterility, or infertility, or to render advice or recommendation with regard to any of the above;
You have briefly described the embryo transfer procedure as involving "the removal of a live embryo from the uterus of one animal and implanting within the uterus of another." You have further informed us that the transfer "can be accomplished through surgical implantation and with non-surgical devices inserted through the reproductive tract" and that the process "requires precise determination of pregnancy in the donor animal and inducing receptiveness to the embryo through the administration of drugs and hormones to the receiving animal."
Statutes are not open to construction as a matter of course, and in the absence of any contrary indication, statutory language is generally to be given its plain and ordinary meaning. Weinerv. State, ex rel. State Real Estate Commission, 214 Neb. 404,333 N.W.2d 915 (1983). In keeping with that premise, when the words of a statute are plain, direct and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. Rosse v. Rosse, 244 Neb. 967, 510 N.W.2d 73, (1994).
With regard to your question, it seems to us that the language of § 71-1,154(3)(a) is clear and that no interpretation or resort to legislative history is necessary. It is our opinion that the embryo transfer procedure would clearly fall within the scope of veterinary practice defined therein.
We note that your letter also refers to the embryo transfer procedure as being "reserved" to licensed veterinarians. For clarification, we point out that Neb. Rev. Stat. §71-1,155(6) (1990) provides that an owner of livestock or a bona fide farm or ranch employee may perform certain acts in the treatment of domestic animals under his or her custody or ownership. Those acts set out in § 71-1,155(6) include vaccination, surgery, pregnancy testing and the administration of drugs. To the extent that the embryo transfer procedure involves only the listed acts, it appears to us that an owner could perform the procedure on his or her own animals. However, if the embryo transfer procedure requires acts other than those listed in § 71-1,155(6), the procedure could be performed only by a licensed veterinarian or to a limited extent by an individual who qualifies for one of the other exceptions from licensing found at § 71-1,155 such as a veterinary student, faculty member or researcher.
Sincerely,
 DON STENBERG Attorney General
 Lynn A. Melson Assistant Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature
Approved By:
Don Stenberg
Attorney General